## WILLIAM D. MUNHALL, RECEIVER,
### v.
## LOUIS BOEDECKER.

*Homestead Loan Association—Insolvency of—Right of Shareholder to Proceeds of Security Deposited to Secure His Advance Payments.*

In the case presented, a shareholder in a homestead loan association had paid in advance $1,000 on his shares, which amount was secured by the deposit by the association with a trust company of certain securities; the court holds, said association having failed, that the shareholder was entitled, as against the receiver thereof, to the proceeds of the securities thus deposited for his protection.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. ARTHUR HUMPHREY, for appellant.

Messrs. DALTON & LUMBARD, for appellee.

GARY, J. The appellant is the receiver of an association organized under the act headed " Homestead Loan Associations" in the Revised Statutes, named the " Chicago City Savings & Loan Association," one of the by-laws of which was that "installments, interest and premiums may be paid in advance, and interest at the rate of six per cent per annum shall be allowed thereon if paid not less than thirty days in advance, otherwise no interest shall be allowed them."

The appellee was a shareholder, and paid in advance $1,000 on his shares, and the association deposited with the " Safety Deposit Company " for his security, notes and trust deeds given to it by borrowers from it, which were changed from time to time by the association. When the receiver was appointed, a note and trust deed for $1,000 were so on deposit. Under an order of the court they were delivered to the receiver, and he has collected the money, and the

question now is shall the appellee have that money, or shall it go into the general fund and he take only his dividend? With the interest on the $1,000 he so paid in advance, and what other money was necessary, the appellee paid the dues and installments on his shares as they fell due, so that the $1,000 remained intact as an advance. No creditors of the association exist; the controversy is wholly as to the right of the respective shareholders. The equity in favor of the appellee is clear. All shareholders should be upon the same footing. No other shareholder has made any advance. The others have contributed to the fund to be distributed, their dues and installments as they fell due. So has he. Presumably that fund is just so much larger than it would otherwise have been, because of his advance. To that excess the others have not contributed, and therefore in it, they should not share.

The argument that the by-law, and the acts of the association and the appellee under it, are invalid as *ultra vires*, would perhaps be good in England. Endlich on Bldg. Ass'ns, Sec. 293, *et seq.*

In this State the defense of *ultra vires*, as to executed transactions, of which a corporation has had the benefit, meets with little favor. Darst v. Gale, 83 Ill. 136; Heims Brewing Co. v. Flannery, 27 N. E. R. 286.

The decree awarding the money to the appellee is right, and is affirmed.

*Decree affirmed.*