(110 App. Div. 554.)

PEOPLE v. NEW YORK BUILDING & LOAN BANKING CO.

In re PRESTON.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—ADVANCE PAYMENT OF DUES.
    A member of a building and loan association is not a creditor of it, as distinguished from a. member entitled only to a share in the distribution of its assets after payment of debts and expenses, by reason of his payment in advance of dues beyond the time of its insolvency, under one of the articles of association allowing members to pay dues in advance, with a discount of 6 per cent. per annum.

    [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Building and Loan Associations, § 88.]

Appeal from Special Term, New York County.

Action by the people of the state of New York against the New York Building & Loan Banking Company for dissolution of defendant.    Charles M. Preston, appointed receiver of said company, applied for a settlement of his accounts as temporary and permanent receiver from September 14, 1903, to September 13, 1904.    From that portion of an order affirming interlocutory report No. 1 with respect to the disallowance of the claims of Louis Baer and others, said claimants appeal.    Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Charles R. Hall, for appellants.
Charles W. Dayton, for respondent.

HOUGHTON, J.    The claimants were members of the New York Building & Loan Banking Company, and were known as "Class A" shareholders.    The particular rights and duties of members of this class were provided for by article 27, § 1, of the company, which reads as follows:

"The monthly installments or dues on shares in class A shall be twenty-five cents, and must be paid on or before the third day of each month in advance, until the money accumulating from monthly dues or installments, together with the profits from interest, premiums, fines, withdrawals, an equitable portion of any reserve or surplus fund or undivided profits and all other profits accruing to each share, shall equal one hundred dollars. Members desiring to pay dues six months or more in advance in class A will be allowed a discount at the rate of six per cent. per annum for the average time of such advance."

Prior to the insolvency of the company, the claimants had taken advantage of the provision permitting advance payments with a discount, and had paid the monthly installments or dues on their shares of stock, some several months and others several years beyond the date when the company became insolvent. Their claim now is that, as to these payments beyond the period of insolvency, they are depositors with, or creditors of, the insolvent company, and should be repaid such amounts before any general distribution of assets amongst the various members and shareholders. No facts were shown upon the hearing before the referee, from which it can be said that the claimants were depositors of these several amounts with the company. The advance payments were made strictly in accordance with the permission given by section 1 of article 27. Having the money on hand, they desired to take advantage of the discount. The payment by appellant Combs illustrates the manner in which all payments were made. On January 12, 1899, there was due upon his 40 shares of class A stock $1,440. On that day he paid the dues for 12 years in advance on this stock, and received approximately a discount of $500, leaving substantially $900, which he paid in cash. There was no agreement that this money should be held by the company on deposit for him, or that the company should hold the money and pay from it his monthly dues from month to month. In the absence of any such agreement, we cannot assume that the transaction with the company was any different from that which it purports to have been —a simple present advance payment upon shares of stock with a discount. In Munhall v. Boedecker, 44 Ill. App. 131, upon which appellants rely, the advance payment by the shareholder was secured for him by the association with collateral security, and it remained intact upon the winding up of the association; the shareholder having paid meanwhile from interest received upon the deposit, together with moneys supplied by him, the installments upon his shares as they fell due. It is quite plain that the appellants here do not bring themselves within the facts of that case.

Nor do we think, with respect to such advance payments, that the claimants occupy the position of creditors to the insolvent company. Upon a building and loan association becoming insolvent, all classes of shareholders are treated alike. Insolvency, in a way, ends the contract between such an association and its members. It puts an end to its operations. The assets of the association are to be marshaled, and debts and expenses paid. Then it is to be ascertained how much each member has in the concern with a view to final distribution amongst all its members. One member may have fully paid for his stock, and another only partially paid for it; but one

has no advantage over the other. Even a shareholder who has fully paid for his stock and become entitled to withdraw it, and has given notice of withdrawal, does not thereby become a creditor of the association upon its insolvency. People v. Metropolitan Mutual S. & L. Association, 103 App. Div. 153, 92 ·N. Y. Supp. 689; Criswell's Appeal, 100 Pa. 488; Hohenshell v. Home Savings & Loan Ass'n, 140 Mo. 566, 41 S. W. 948. The rule with respect to distributing the assets of an insolvent building and loan association is (in the absence of a binding express agreement, which is not claimed to exist in the present case) that the debts and expenses are to be first paid, and then each shareholder is entitled to a dividend pro rata upon the amount which he has paid upon his stock. People v. Metropolitan Mutual S. & L. Ass'n, supra; Strohen v. Franklin Savings Fund & Loan Ass'n, 115 Pa. 273, 8 Atl. 843; Christian's Appeal, 102 Pa. 184; Brown v. Archer, 62 Mo. App. 277. The amount which the shareholder has paid, of course, is to be ascertained in accordance with the rules and articles of the association and the statutes governing it.

These logical and equitable rules with respect to the rights of different classes of shareholders, and as to the manner of distributing the assets of an insolvent building and loan association, would seem to quite effectually dispose of appellants' contention that they are creditors of the association, and that their advance payments should be handed over to them before a general distribution of assets. The earnestness, however, with which the claim is made, and the importance of the question to a large number of shareholders in the rapidly failing building and loan associations throughout the country, have led us to an extensive investigation of the holdings of our own sister states. The only decision which we have been able to find, involving the precise question presented, is that of Post v. Mechanics' Building & Loan Ass'n, 97 Tenn. 408, 37 S. W. 216, 34 L. R. A. 201, where the conclusion was reached, with some features more favorable to the member than are here presented, that advance payments of dues did not make the member a creditor of the association to the amount of such advances.

It is unfortunate that these claimants made advance payments. It is also unfortunate that any member has fully paid for his stock, as well as that any member has ever paid anything thereon. By the rule which must be adopted, however, in the distribution of assets, all will obtain a dividend upon all payments made, and thus all will be compensated ratably and as fully as the financial condition of the association will permit. That which claimants considered a good bargain, with a large discount for advance payment, has turned out to be a bad one. They took that risk, however, when they entered into it; and we see no way, even if there be a reason, for relieving them therefrom.

The order should be affirmed, with $10 costs and disbursements.

O'BRIEN, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. I concur in the affirmance of this order, as I think the question presented should be properly determined upon the

final accounting of the receiver. The claimants are members of the corporation. The question as to the method which should control in distributing the assets of the corporation after the payment of its debts should be determined upon the final accounting. Whether making these advanced payments will give the shareholders a priority over those who have not made such advance payments is a question involving considerable doubt, and I am not at all satisfied with the proposition that a shareholder who has paid in advance of the time when payments on the shares were due should not be entitled to a return of the payments that he had made in excess of the other shareholders; but I think that question should be determined on the final accounting.